IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

COREY STUART                                                    PLAINTIFF

v.                         Civil No. 05-4078

DAVID SHELTON, Investigator;
and BUTCH MORRIS, Sheriff                                DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff in this matter, Corey Stuart, has filed a complaint with the court. (Doc. 1.) He has also submitted an in forma pauperis (IFP) application to the court. (Doc. 2.) On both of these documents, the plaintiff included a case number of 01-4117. As the plaintiff submitted a complaint, a new civil action was opened, and the a new case number of 05-4078 was issued by the court. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court"). The court filed the complaint in forma pauperis, subject to a determination of whether service of process should issue. (Doc. 3.) The question of service is presently before the court.

### I. Background

In the present complaint, which was filed using the form complaint for initiating a civil rights claim by a prisoner, the plaintiff states that he has begun no other lawsuits in state or federal court concerning the same facts as those brought in this action. (Doc. 1 at ¶ IA.) Plaintiff then states that action Civil No. 01-4117 is still pending a determination before this court. (Doc. 1 at ¶ IB.) He claims to now be the plaintiff in this present action, and he states the defendants are "David Shelton et al." and "Butch Morris et al." (Doc. 1 at ¶ IV.)

In the Statement of Claim, the plaintiff explains that he is the son of the late Earnest

Holmes, and he wishes "to exercise his 5th Amend and his 14th Amend right to Due Process and Equal Protection to a Fast Disposition of The Case of Betty Lorn vs David Shelton et al, 01-4117 and that a Hearing be held within 90 days." Plaintiff further requests $50,000 in compensation, $50,000 for mental and emotional stress, $50,000 for "mental angust [sic] Heart & Familyship," and a trial by a jury.

## II. Discussion

First, plaintiff is incorrect in his allegation that the prior case, Civil No. 01-4117, is still pending a determination before the court. That case was dismissed by the court on August 21, 2002, when the court granted the defendants' motion for summary judgment. (*See* Civil No. 01-4117, Doc. 18.) No further documents have been filed in that matter, and the time for appealing the court's judgment, which was a final disposition of the case, has expired. *See* Fed. R. App. P. 4(a) (in civil case, notice of appeal must be filed withing 30 days after judgment or order appealed from is entered).

Second, if it is plaintiff's intention to initiate a new civil action, then his complaint should be dismissed a frivolous. A complaint is required, under the Federal Rules of Civil Procedure, to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. (a)(2). The instant complaint is completely devoid of any indication that the plaintiff is entitled to relief, nor does it allege any facts which would show that the defendants are liable to the plaintiff in any way. To the extent that plaintiff would be seeking to renew the claims found in the prior lawsuit, Civil No. 01-4117, those claims would be barred by res judicata. *See Daley v. Marriott Intern., Inc.*, 415 F.3d 889, 895-96 (8th Cir. 2005) ("'Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the

AO72A
(Rev. 8/82)

same parties or their privies based on the same cause of action'") (*quoting Landscape Properties, Inc. v. Whisenhunt*, 127 F.3d 678, 682 (8th Cir. 1997) (*quoting Parklane Hosiery Co. v. Shore*, 439 U.S. 322 326 n. 5, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979))).

### III. Conclusion

I, therefore, recommend that the plaintiff's complaint be dismissed as frivolous and for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Stuart has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Stuart is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2006.

                                         **/s/ Bobby E. Shepherd**
                                         _____
                                         HON. BOBBY E. SHEPHERD
                                         UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)